# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1659 | DATE | 3/30/2004 |
| CASE TITLE | James Edwards vs. Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the petitioner's petition for writ of habeas corpus is denied. All pending dates and motions are hereby terminated as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

Docketing to mail notices.

MAR 3 1 2004

courtroom deputy's initials: MW6

Document Number: 23

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> JAMES LEO EDWARDS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KENNETH R. BRILEY, ) <br> ) <br> Defendant. ) | Consolidated Case Nos. <br> 02 C 1659 and 02 C 1660 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This case is before the court on Petitioner James Leo Edwards' ("Edwards") consolidated *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below we deny the petition.

## BACKGROUND

Following a jury trial Edwards was convicted of first degree murder for the beating death of seventy-one year old Fred Reckling inside Mr. Reckling's appliance store. Edwards was sentenced to a term of natural life imprisonment without the possibility of parole. In another case following a jury trial Edwards was convicted of armed robbery and sentenced to sixty years imprisonment to run consecutively to

1



his life term. Edwards filed two separate habeas petitions in the Northern District of Illinois, each relating to one of the above mentioned convictions. On July 18, 2002 Judge Andersen, the prior judge in this case granted Edwards' motion to consolidate the two cases (case number: 02 C 1659-armed robbery, 02 C 1660-Reckling Murder). In another case that is relevant to the two habeas petitions Edwards was extradited to Ohio where he was convicted for the shooting death of an elderly woman who Edwards stopped on a road. Edwards shot the victim and drove off in her car leaving the victim on the side of the road.

Edwards presents four bases for relief in his petition relating to the armed robbery conviction which are as follows: 1) there was a violation of his right to remain silent, 2) there was a violation of his right to fundamental fairness when his counsel was barred from referring to aggravated robbery as a lesser included offense of armed robbery, but his counsel was later accused of "flip-flopping" when defense counsel introduced the lesser offense of aggravated robbery, 3) that he received ineffective assistance from his trial counsel because his counsel failed to request that the trial court take judicial notice of evidence presented at sentencing in his murder trial, which counsel knew or should have known contained numerous false allegations, 4) the prosecutor knowingly relied upon false evidence and failed to disclose exculpatory evidence to Edwards, 5) the prosecutor told witnessses to testify diferently than their statements included in police reports, and 6) Edwards is legally innocent of the crime of armed robbery because there is insufficient evidence

that he had a dangerous weapon.

In his petition relating to the Reckling murder conviction Edwards presents four bases for relief which are as follows: 1) Edwards was not proven guilty beyond a reasonable doubt, 2) the trial court improperly admitted evidence at trial pertaining to other crimes, and 3) the trial court improperly denied his motion to suppress his statements, 4) Edwards was not linked to other crimes introduced at trial, the prosecution failed to reveal exculpatory evidence relating to other crimes, and his trial counsel was ineffective because he failed to challenge the false criminal allegations against Edwards during his trial.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2254, a federal court may entertain a petition for a writ of habeas corpus only on the ground the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If petitioner seeks to challenge a state court decision under 28 U.S.C. § 2254, a writ of habeas corpus is proper only if the challenged state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Aleman v. Sternes*, 320 F.3d 687, 690 (7th Cir. 2003).

# DISCUSSION

## I. Armed Robbery Conviction (96 CF 42)(02 C 1659)

### A. Violation of Right to Remain Silent

Edwards argues that his right to remain silent was violated when the trial court admitted Edwards' two statements made to the police indicating that he did not want to talk about the location of the weapon. A federal court will not address a question of federal law presented in a habeas corpus petition brought to contest a state court ruling if "the state decision rests upon a state procedural ground that is independent of the federal question and adequate to support the judgment." *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003). In order to avoid a procedural default on a claim presented in a habeas corpus petition the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Edwards failed to raise the issue of the denial of his right to remain silent in his post-trial motion thereby waiving the argument. The state appellate court reviewed the issue to determine if the plain error exception to the waiver rule was applicable. The state appellate court found that the evidence against Edwards was overwhelming and that any error made by the trial court did not amount to grave

4

error and thus the argument was waived by Edwards. We find that the argument is procedurally barred. We also note that even if it were not barred the pertinent question for this habeas review would be whether or not the petitioner "shows cause for failure to raise [it] at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice. . . .'" *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

In this case we agree with the state appellate court that the evidence against Edwards was overwhelming. All three victims were able to identify Edwards as the individual that broke into their home and robbed them while holding what looked like a weapon. Edwards was apprehended a short time later under a pop-tent found near the victim's residence.

### B. Barring of Reference to Lesser Included Offense

Edwards argues that there was a violation of his right to fundamental fairness when the prosecution persuaded the trial court to bar defense counsel from referring to aggravated robbery as a lesser included offense of armed robbery, but the prosecutor was allowed to later accuse defense counsel of "flip-flopping" when defense counsel introduced the lesser offense of aggravated robbery. First, Edwards failed to raise this issue in constitutional terms in his appeal and the state appellate court accordingly dealt with the claim as a state law claim and did not include any

5

federal constitutional violation analysis. Therefore, he has procedurally defaulted on this claim. *See Rodriguez v. McAdory*, 318 F.3d 733 (7th Cir. 2003) (indicating that "the state court's holding must 'depend[] on a federal constitutional ruling' in order to open it up for habeas review."). Further, as stated above, Edwards does not show the requisite "cause or prejudice" requirement for an exception to an issue that has been procedurally defaulted. *Dortch v. O'Leary*, 863 F.2d 1337, 1343 (7th Cir. 1988)(quoting *Sotelo v. Indiana State Prison*, 850 F.2d 1244, 1252 (7th Cir. 1988)).

Even if we were to determine that Edwards had not procedurally defaulted and that the prosecution's closing arguments were improper, the alleged violation was harmless. A conviction should be reversed because of statement made by a prosecutor during his closing argument only if "the remarks were so prejudicial that the defendant was deprived of a fair trial." *United States v. Torres*, 809 F.2d 429, 435 (7th Cir. 1987). If the government can demonstrate that the remarks did not effect the outcome of the trial, then the remarks are harmless. *Dortch v. O'Leary*, 863 F.2d at 1344. *See also United States ex rel. Garcia v. Lane*, 698 F.2d 900, 903 (7th Cir. 1982)(finding that a statement by the prosecutor did not rise to the level of a deprivation of constitutional rights because the statement was not so inflammatory that it denied the defendant of the right to a fair trial).

In the current case, there was overwhelming evidence presented against Edwards. For example, there were several eyewitnesses to the crime of armed robbery, specifically, those who were actually robbed at what appeared to be at gun-

point. Therefore, we find that even if the claim is not procedurally defaulted the remarks by the prosecutor in his closing arguments were harmless.

### C. Ineffective Assistance by Trial Counsel- Judicial Notice

Edwards also alleges that his trial counsel in his armed robbery case was ineffective because he requested that the trial court take judicial notice of evidence presented at his sentencing in a previous capital murder trial, which counsel knew or should have known contained numerous false allegations and thus invited the trial court to consider the false evidence relating to Edwards' other crimes.

In order to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). A reviewing court considering an ineffective assistance of counsel claim should be "highly deferential" to the attorney's judgment and should avoid the temptation to "second-guess" the attorney. *Id* at 689. The reviewing court should try to "evaluate the conduct from counsel's perspective at the time" in question and thus avoid the "distorting effects of hindsight." *Id.* A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." and thus should avoid questioning decisions that involve issues such as trial strategy. *Id.* Counsel can make a "reasonable decision that particular investigations are unnecessary . . . and need not investigate every

7

evidentiary possibility before choosing a defense." *Rutledge v. United States*, 230 F.3d 1041, 1050 (7th Cir. 2000)(citations omitted).

In order to succeed on an ineffectiveness of assistance of counsel claim, in addition to showing that the representation was defective, a petitioner must also show that he was prejudiced because the "error had [an] effect on the judgment." *Strickland*, 466 U.S. at 691-92. Each and every adverse consequence resulting from counsel's decisions is not deemed to be prejudicial "for constitutional purposes." *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993).

Edwards has failed to show that his trial counsel acted beyond the spectrum of reasonable professional discretion and therefore he has not shown that he received ineffective assistance from his trial counsel.

### D. Prosecution Reliance on False Evidence and Failure to Disclose

Edwards claims that the prosecutor knowingly relied upon false evidence and failed to disclose exculpatory evidence to Edwards concerning other crimes introduced at his armed robbery sentencing hearing and the hearing on his armed robbery conviction. A prosecutor's supression of "evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In *United States v. Hamilton* the Seventh Circuit explained the definition of material evidence by stating the following:

8

> Evidence is material to the defense if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is that sufficient to undermine confidence in the outcome. The materiality standard is not met by the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial

107 F.3d 499, 509 (7th Cir. 1997)(internal citations omitted). Thus, a prosecutor is not required "to divulge every possible shred of evidence that could conceivably benefit the defendant." *Id.*

Edwards claims that the state failed to reveal that in the other murder case another person confessed to the murder and that there was not enough fingerprint evidence to link him to the crime. Edwards claims this evidence would have established his innocence. The state appellate court reviewing the instant case noted that the confession by the other individual was an extra-judicial statement that was not made under oath and the court found that Edwards had not shown that the confession would be admissible evidence. The court also found that the fingerprint evidence argument was waived since the fingerprint evidence was disclosed by the prosecutor months before the trial and his trial counsel thus had knowledge of the fingerprint evidence. Edwards also waived the argument by not raising it on direct appeal. We agree with the state appellate court's findings and find no constitutional error.

Edwards also claims that the prosecution withheld evidence that a witness in custody claimed that Edwards did not act alone in the homicide in the other case.

9

The state appellate court found that Edwards failed to show that the statement would be admissible and that the trustworthiness of the statement was questionable considering the fact that the incarcerated witness was attempting to make a deal with the government when he made the statement. We agree with the state appellate court's findings and find no constitutional error.

Edwards also argues that the state failed to produce clear copies of a video tape of a bank robbery which was allowed into evidence at the murder trial and introduced at both sentencing hearings. The state appellate court noted that the defense counsel in that case received the video tape twelve months before the armed robbery trial and that any challenge regarding the quality of the video tape should have been made sooner. We agree that the argument was waived and that Edwards has failed to show that a clearer video tape would have increased the probability that the outcome of his trial would have been different.

Finally Edwards claims that the prosecutor "stirred the testimony of witnesses" of an armed robber by witnesses of a Hair Crafters beauty salon robbery so that their testimony was different from the descriptions that the witnesses gave to the police. Edwards did not make this claim in his post-conviction petitions and therefore the argument was waived.

In summation, in regards to the alleged failure by the prosecutor to reveal exculpatory evidence, we agree with the Appellate Court. Upon reviewing the record, this court cannot say that any of Edwards' claimed exculpatory evidence

10

supplies a reasonable probability sufficient to undermine the outcome of this case. Nor can we say that Edwards has shown that the prosecutor's supposed failure to disclose the alleged exculpatory evidence would have changed the outcome in this case.

### E. Insufficient Evidence Because of Lack of Dangerous Weapon

Edwards claims that he is legally innocent of the crime of armed robbery in another case because there is insufficient evidence that he had a dangerous weapon. Edwards used a working cigarette lighter that looked like a gun when he committed the armed robbery. This argument should have been raised on appeal, but it was not, therefore, it is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999). As stated above, absent a showing of cause or prejudice, this court will not address the issue. There is no showing of prejudice in this instance.

## II. Reckling Murder Conviction (02 C 1660)

### A. Reasonable Doubt

Edwards claims that there was insufficient evidence to convict him and he was not proven guilty beyond a reasonable doubt. First of all, this is nothing more than a request for a *de novo* appellate review of the state courts' rulings which is not the intended purpose of a habeas petition. Edwards is improperly asking this court to re-

11

weigh the evidence and re-evaluate the credibility of trial witnesses.

Second, Edwards has procedurally defaulted on this claim because Edwards failed to raise it in his petition for leave to appeal to the Illinois Supreme Court. *O'Sullivan*, 526 U.S. at 839-40(holding that a "state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement"). Further, waiver of a claim in state court proceedings prevents habeas corpus review absent a showing of cause or prejudice. *Dortch*, 863 F.2d at 1343 (*quoting Sotelo v. Indiana State Prison*, 850 F.2d 1244, 1252 (7th Cir. 1988)). Edwards has made no such showing of cause or prejudice.

### B. Admittance of Evidence of Other Crimes

Edwards argues that the trial court improperly admitted evidence of other crimes. Under 28 U.S.C. § 2254, this court is restricted to a determination as to whether a state court's decision rises to a level of a constitutional violation. First, Edwards failed to specify that this claim constituted a violation of a federal constitutional right and the state appellate court accordingly dealt with the issue in state law terms. Second, Edwards is asking this court to grant federal habeas relief on the basis of an evidentiary ruling. This the court will not do, unless the evidentiary ruling was so egregious that it violated Edwards' right to due process because it denied him a right to a fair trial. *Cramer v. Fahner*, 683 F.2d 1376, 1385 (7th Cir. 1982) (stating "[e]rroneous evidentiary rulings will not cause a writ to issue

12

unless a specific constitutional guarantee has been violated...."). The record does not demonstrate that the state court's decision to permit the introduction of the other crimes evidence rises to the level of a violation of Edwards' constitutional rights. Thus, Edwards' claim as to the trial court's improperly allowing in other crimes evidence fails.

### C. Denial of Motion to Suppress

Edwards claims that the trial court improperly denied his motion to suppress statements, which he alleges were made in violation of his *Miranda* rights. The Illinois Appellate Court carefully reviewed the record on this issue and determined that Edwards' *Miranda* rights were not violated. *People v. Edwards*, 301 Ill. App. 3d 966, 979 (Ill. App. 2nd Dist., 1998). Specifically, the court found that Edwards never invoked his right to silence. *Id.* In making the determination the appellate court conducted a thorough review of the record, which included the following:

> [Edwards] was arrested around 7:55 p.m. on January 4, 1996 in connection with an armed robbery at the Roberts Roost Motel. Around 10:17 that evening, defendant was interviewed by Officers Mark Tkadletz and Mike Quinn. Quinn read defendant his *Miranda* rights and defendant then read and signed a written waiver of rights. The interview of defendant continued on and off until around midnight the next day, January 5, 1996. During the day of January 5, 1996, defendant was questioned by Officers Artis Yancey and Luis Marquez and in the evening was questioned by Officers Tkadletz and Quinn. The interrogation of defendant, however, was not continuous and included breaks for meals, the bathroom, a nap in the interview room, and several hours of sleep in a cell. There also were times during the interview process where defendant was left alone in the interview room while the officers tried to confirm details of the crimes to which defendant had confessed and while the

13

officers typed up defendant's statements. During the interrogation, defendant confessed to numerous felonies, including four murders, five armed robberies, and a burglary. The officers that questioned defendant testified that defendant was very friendly and talkative and, after he confessed to the Roberts Roost armed robbery, began to extensively relate details of his life and his background, including details concerning the other crimes he had committed. Officer Tkadletz testified that when he and Quinn interviewed him, defendant told the officers that there were other incidents out there that he did not want to bring up because he "didn't want to open up a can of worms" and asked the officers if they could promise that he would not get the death penalty. The officers said that they could not make that promise. Quinn testified that he asked defendant if he had any knowledge about a homicide at Grand Appliance and defendant said, "No, you're talking about death penalty stuff." Later, when defendant was interviewed by Officer Marquez about other crimes he may have committed, Marquez testified that defendant said he did not want to go in that direction because he would be opening up a can of worms. Later, defendant said that he would be willing to tell the truth about a particular incident if his wife told him to tell the truth. Quinn then went to defendant's home and arranged for defendant's wife to call him. Defendant's wife spoke with him on the telephone and told him to tell the truth, following which defendant confessed to the murder of Fred Reckling at Grand Appliance. Prior to trial, defendant filed a motion to suppress his statement. The trial court denied defendant's motion, finding that defendant had not invoked his right to silence.

*Id.* at 978. Based on this record and the finding that Edwards never invoked his right to silence, the court upheld the denial of motion to suppress. *Id.* at 979.

Whether Edwards invoked his right to silence is a factual issue to which this court owes deference. *United States v. Mills*, 122 F.3d 346, 349 n.4 (7th Cir. 1997). The record supports the determination of the Illinois appellate court decision. Therefore we agree with Illinois appellate court in its finding that Edwards never invoked his right to silence and that the trial court's denial of the motion to suppress

was proper.

### D. Evidence of Other Crimes, Exculpatory Evidence, Assistance of Counsel

Edwards argues that there was no evidence to link him to other crimes introduced against him and that the prosecution failed to disclose exculpatory evidence relating to the other crimes. Edwards also claims that his trial counsel was ineffective for failing to challenge false criminal allegations used against Edwards at trial. Edwards argues that there was evidence that another suspect had confessed to the murder in Ohio. However, as indicated above, the state appellate court reasonably concluded that Edwards had failed to show that the confession would have been admissible. In regards to fingerprint evidence in the Ohio case, as indicated above, Edwards waived the argument by failing to raise it on direct appeal and the evidence would not have changed the outcome of Edwards' trial in the Raveling murder case. Edwards also claims that the prosecutor failed to disclose evidence that an individual negotiating with the government stated that Edwards did not act alone in the Ohio murder. As indicated above, Edwards has failed to show that the evidence was trustworthy. Edwards also complains about the fuzzy quality of the video tape of the bank robbery, but as indicated above his trial counsel received the tape well in advance of the trial and he did not show that a clearer tape

15

would have made any difference in his trial. Edwards also argues that the descriptions offered by witnesses in the Hair Crafters beauty salon robbery were inconsistent with the descriptions in police reports. However, as indicated above, Edwards waived this issue by failing to raise it in his post-conviction petitions.

Edwards also alleges ineffective assistance of counsel because his counsel should have challenged the other crimes evidence. The trial court determined that Edwards' counsel was in the difficult predicament of choosing between challenging the confession and opening the door to the other crimes evidence. *People v. Edwards*, 301 Ill. App. 3d 981. The Illinois Appellate Court agreed with the trial court, and found that counsel's decision was a matter of trial tactics that did not effectively deny Edwards of right to counsel. *Id.*

In this case, we agree with the Appellate Court that Edwards fails to demonstrate that his counsel made errors so egregious that his attorney effectively deprived Edwards of his right to counsel. Even if we found that counsel had made errors in his representation as, Edwards alleges, we could not state that such errors would be so significant as to be prejudicial to Edwards' defense such that they deprived Edwards of a fair trial.

## CONCLUSION

Based on the foregoing analysis we deny the petition for writ of habeas corpus.

                                                           _____
                                                           Samuel Der-Yeghiayan
                                                           United States District Court Judge

Dated:   March 30, 2004